# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC. | § § § | |
| v. | § § | Civil Action No. 4:18-CV-242 Judge Mazzant |
| TEXAS HEALTH MANAGEMENT LLC | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff HealthSpring Life & Health Insurance Company, Inc.'s ("HealthSpring") Emergency Motion to Remand (Dkt. #6). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

HealthSpring is a Texas corporation that offers "Medicare Advantage Plans."[1] In May 2013, HealthSpring and Defendant Texas Health Management, LLC ("THM") entered into an agreement for THM to provide in-home medical services to HealthSpring's Medicare Advantage Members in Texas. In pertinent part, the agreement required THM to provide HealthSpring with completed 360 Comprehensive Assessments Forms ("360 Forms"), which contained important medical information regarding HealthSpring's Medicare Advantage Members.

On January 30, 2017, THM submitted a demand for arbitration ("Arbitration Demand"), which, among other things, sought fees allegedly owed to them for services THM provided to HealthSpring. Additionally, THM submitted an application for emergency measures of protection, which sought an equitable decree ordering HealthSpring to pay the invoices. The emergency

---
[1] Individuals eligible for Medicare can obtain Medicare benefits through the traditional Medicare program or elect to enroll in a Medicare Advantage Plan.

arbitrator declined to award THM such emergency relief and referred the matter to a panel of three arbitrators (the "Tribunal") for further proceedings. On February 21, 2017, THM amended its original Arbitration Demand to include, in pertinent part, a claim under Section 2 of the Sherman Act.

During discovery, in connection with its Sherman Act claim, THM sought copies of certain contracts between HealthSpring and THM's competitors. On June 16, 2017, the Discovery Master and Chair of the Tribunal ordered HealthSpring to produce such contracts, but allowed HealthSpring the ability to redact "commercially sensitive terms." As such, HealthSpring produced such contracts in redacted form. On August 7, 2017, HealthSpring requested leave to file a motion for summary disposition on THM's Sherman Act claim. In response to HealthSpring's request, THM implored the Tribunal to reconsider its ruling that allowed HealthSpring to produce the subject contracts in redacted form. The Tribunal, declining to compel HealthSpring to produce the contacts in unredacted form, set an evidentiary hearing for THM to produce evidence in support of its Sherman Act claim. Prior to the hearing, THM withdrew its Sherman Act claim because it did not believe, with the evidence available, it could satisfy its burden of proof.

Between October and November 2017, the Tribunal held several evidentiary hearings on the remaining claims. Throughout this time, HealthSpring requested the Tribunal to enter an interim order requiring THM to turn over unreturned 360 Forms in THM's possession. On December 14, 2017, the Tribunal issued an order ("Order No. 6") requiring THM to return all undelivered 360 Forms to HealthSpring. Due to THM's failure to comply with the order, on January 9, 2018, HealthSpring filed a Petition to Confirm Arbitration Order and for Injunctive

Relief, in addition to, an Application for Temporary Restraining Order and Temporary Injunction to Enforce Arbitration Order in the 219th Judicial District Court of Collin County, Texas.

On January 12, 2018, the state district court granted a temporary restraining order ("TRO") against THM and ordered THM to comply with the Tribunal's Order No. 6. On January 26, 2018, the state district court converted the TRO into a temporary injunction and confirmed Order No. 6. THM ultimately failed to comply with the order. On March 14, 2018, the Tribunal rendered its Final Award, which denied all of THM's claims against HealthSpring. On March 20, 2018, HealthSpring filed an Motion to File Under Seal requesting that the state district court file the Tribunal's Final Award under seal.

On April 6, 2018, THM filed its Notice of Removal on the basis of federal question jurisdiction (Dkt. #1). On April 11, 2018, HealthSpring filed an Emergency Motion to Remand[2] (Dkt. #6). On April 24, 2018, THM filed its response (Dkt. #9). On May 1, 2018, HealthSpring filed its reply (Dkt. #10).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11,

---

[2] Although HealthSpring originally filed its Motion to Remand as an emergency motion, it later withdrew such designation. *See* (Dkt. #10 at p. 1 n.1).

2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

HealthSpring contends that remand is warranted for two reasons. First, THM untimely filed it notice of removal, and second, the Court lacks subject matter jurisdiction. THM responds that it timely filed its notice of removal and that subject matter jurisdiction exists. The Court addresses each argument in turn.

**I. Timeliness**

HealthSpring argues that THM's Notice of Removal, filed on April 6, 2018, is untimely. Specifically, HealthSpring avers that its Petition to Confirm Arbitration Order and for Injunctive Relief, filed on January 9, 2018, triggered the thirty-day period for removal. As such, HealthSpring contends that February 8, 2018, constituted the deadline for THM to file its notice of removal. Conversely, THM asserts that it timely filed its Notice of Removal because the thirty-day time period did not start until March 20, 2018, when HealthSpring filed its Motion to File Under Seal. Accordingly, THM claims that because it filed its notice of removal on April 6, 2018, within thirty days of HealthSpring's Motion to File Under Seal, it timely removed the case.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the

4

> defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> …
>
> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). In other words,

> [I]f the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable.

*Mumfrey*, 719 F.3d at 397–98.

HealthSpring contends that its initial pleading—Petition to Confirm Arbitration Order and for Injunctive Relief—triggered the thirty-day removal clock. THM responds that a subsequent document—HealthSpring's Motion to File Under Seal—initiated the thirty-day deadline. A case may be removed from state court to federal court when a plaintiff's petition alleges a claim "arising under" federal law. *See* 28 U.S.C. § 1441; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, HealthSpring's initial pleading—Petition to Confirm Arbitration Order and for Injunctive Relief—does not assert any federal claims or even reference federal law. As such, HealthSpring's initial pleading did not activate the thirty-day removal period.

Under 28 U.S.C. § 1446(b), where the original complaint does not present grounds for removal, a defendant may later remove the case to federal court after receipt of "an amended

5

pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable." As explained above, removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint. "Under limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007). Thus, to establish federal question jurisdiction, the "other paper" "must clarify the federal nature of an existing claim, and not relate to a putative claim that has not yet been [pleaded]." *O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08–CV–600–HSO–LRA, 2009 WL 95039, at *3 (S.D. Miss. Jan. 13, 2009) (citing *Eggert*, 223 F. App'x at 397).

THM contends that the case became removable after the Tribunal issued a final award. Specifically, THM claims that "[t]he final award represents a final decision on all of the issues in the arbitration, including . . . the pre-hearing rulings that denied THM the ability to proceed with its Sherman Act claim." (Dkt. #9 at p. 11). Thus, THM avers, "it was only when THM received HealthSpring's Motion to File [U]nder Seal that the 30-day time limit was triggered, as it was the first filing which involved any federal issue." (Dkt. #9 at p. 11). Looking at HealthSpring's Motion to File Under Seal, a federal question is not presented on the motion's face. Although THM argues that the final award, as referenced in HealthSpring's motion, relates to their Sherman Act allegation, such oblique reference fails to "clarify the federal nature of an existing claim." *O'Keefe*, 2009 WL 95039, at *3. As such, HealthSpring's motion failed to trigger the thirty-day removal period.

Because neither HealthSpring's Petition to Confirm Arbitration Order and for Injunctive Relief nor HealthSpring's Motion to File Under Seal triggered the thirty-day removal clock,

HealthSpring's argument that THM untimely filed its notice of removal is misplaced. As such, the Court determines whether subject matter jurisdiction exist.

**II.     Subject Matter Jurisdiction**

In the absence of diversity jurisdiction,[3] federal question jurisdiction is required for removal. *Caterpillar*, 482 U.S. at 392. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case may be removed from state court to federal court when a plaintiff's petition alleges a claim "arising under" federal law. *See* 28 U.S.C. § 1441; *Beneficial Nat'l Bank*, 539 U.S. at 6. Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

Here, there is no federal question presented "on the face of the plaintiff's properly pleaded complaint."[4] *Id.* Nevertheless, THM contends that federal question jurisdiction exists based on the application of the look-through approach.

Pursuant to section 4 of the Federal Arbitration Act ("FAA"), a court may, upon application, compel arbitration pursuant to an arbitration agreement. *See* 9 U.S.C. § 4. Additionally, under sections 9 through 11, a court may enter "a judicial decree confirming an award, an order vacating, or an order modifying or correcting it." *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). As

---

[3] THM concedes that diversity jurisdiction is lacking in this case. *See* (Dkt. #9 at p. 11 n.5).

[4] THM concedes this point by stating in its response that "had THM removed the State Court Action when the Petition and Application were filed, HealthSpring would have had grounds to remand the case due to lack of subject matter jurisdiction. *See Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 685–86 (S.D. Tex. 2003) (noting that '[i]f the complaint, on its face, contains no issue of federal law, there is no federal question jurisdiction.')." (Dkt. #9 at pp. 10–11) (footnote omitted) (emphasis and alterations in original).

7

such, in order for a federal court to compel arbitration under section 4 or confirm or vacate an arbitration award under sections 9 and 10, an independent basis for federal jurisdiction must exist. *See id.*

In *Vaden v. Discover Bank*, the Supreme Court determined that the FAA adopted the look-through approach regarding petitions to compel arbitration under section 9 U.S.C. § 4. 556 U.S. 49, 62 (2009). Specifically, the Supreme Court held that "a court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law." *Id.* As such, in determining whether jurisdiction exists for a motion to compel arbitration, "the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." *Id.* (quoting 9 U.S.C. § 4). In other words, "a party seeking to compel arbitration may gain a federal court's assistance only if, 'save for' the [arbitration] agreement, the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court." *Id.* at 66. The Court clarified that "controversy between the parties," "is most straightforwardly read to mean the 'substantive conflict between the parties.'" *Id.* at 62–63.

The Supreme Court has not ruled on whether this jurisdictional look-through approach applies to petitions to confirm, vacate, or modify an arbitration award under sections 9, 10, and 11. As a result, a split among circuit courts exist on whether the look-through approach applies in such circumstances. *See Ortiz-Espinosa v. BBVA Sec. of P.R., Inc.*, 852 F.3d 36, 42–47 (1st Cir. 2017) (finding that the look-through approach applies not only to section 4, but also sections 9, 10, and 11 of the FAA); *Dorscher v. Sea Port Grp. Sec.*, 832 F.3d 372, 388 (2nd Cir. 2016) (holding that the look-through approach applies to section 10 petitions to vacate); *Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285, 288 (7th Cir. 2016) (declining to extend the look-through approach to

sections 9 and 10); *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 255 (3d Cir. 2016) (same). Notably, the Fifth Circuit has yet to rule on whether the look-through approach applies beyond section 4.

Here, Count I of HealthSpring's petition sought an order from the state district court confirming, pursuant to 9 U.S.C. § 9, the Tribunal's Order No. 6 issued on December 14, 2017. THM claims that the Fifth Circuit has applied the look-through approach in actions confirming or vacating arbitration awards under sections 9 and 10 (Dkt. #9 at pp. 13–14). As such, THM contends that because it asserted a claim under the Sherman Act, the underlying dispute could have been litigated in federal court. Stated differently, THM avers that federal question jurisdiction exists because when looking-through to the arbitral pleadings, the underlying dispute contains a federal question. Conversely, HealthSpring responds that although the Fifth Circuit applied the look-through approach in addressing motions to compel arbitration, it has not ruled on whether such approach applies in confirming or vacating awards. Further, HealthSpring argues that even if the look-through approach applies, because THM withdrew its Sherman Act claim prior to the arbitration hearings, no federal question exists.

As explained above, the Fifth Circuit has not addressed whether the look-through approach applies outside the context of compelling arbitration under section 4. Although THM cites to various cases to support its argument that the look-through approach does apply in these circumstances, such cases fail to stand for such a proposition.[5] Because the Fifth Circuit has not

---

[5] *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922–23 (5th Cir. 2017) (holding that the look-through approach applied in determining whether a dispute underlying a petition to compel arbitration was ripe); *Smith*, 360 F.3d at 505–06 (finding that section 10 of the FAA did not create federal subject matter jurisdiction and because the plaintiff's complaint did not allege a federal question, dismissal for lack of jurisdiction was proper); *Tutt v. Clasby*, No. 12-1276, Dkt. #9 at pp. 4–5 (E.D. L.A. July 23, 2012) (finding that section 9 of the FAA did not provide a grant of subject matter jurisdiction, which meant the court did not have jurisdiction to enter a default judgment); *Azteck Commc'n v. UPI Commc'n, Inc.*, No. H-09-0690, 2009 WL 1660288, at *3–*4 (S.D. Tex. June 15, 2009) (confirming that section 10 does not create subject matter jurisdiction and therefore dismissed a case for lack of subject matter jurisdiction where the plaintiff sought an order vacating an arbitration award and invoked the FAA as its basis

9

applied the look-through approach outside the realm of section 4, the Court declines to do so today. As such, the Court, in determining whether federal question jurisdiction exists, looks to HealthSpring's well-pleaded complaint. As explained above, there is no federal question presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. As such, the Court lacks subject matter jurisdiction.

Assuming *arguendo* that the look-through approach does apply, the Court finds that subject matter jurisdiction remains absent. Here, THM's original Arbitration Demand sought, in pertinent part, fees allegedly owed to it for services provided to HealthSpring. Subsequently, THM amended its Arbitration Demand to include a claim under the Sherman Act. Notably, THM withdrew such claim. Although THM asserts that it withdrew its claim as a result of the Tribunal's pre-hearing rulings, THM nevertheless withdrew the claim, which prevented the Tribunal from hearing evidence and deciding the claim's validity. As such, the Court finds the "substantive conflict between the parties" "is not amendable to federal-court adjudication." *Vaden*, 556 U.S. at 66. Stated differently, the Court finds that it lacks subject matter jurisdiction, which warrants granting HealthSpring's motion to remand.

## CONCLUSION

It is therefore **ORDERED** that HealthSpring's Emergency Motion to Remand (Dkt. #6) is hereby **GRANTED**, and this case is **REMANDED** to the 219th Judicial District Court, Collin County, Texas, for further proceedings.

---

for subject matter jurisdiction); *Mellado v. MBNA Am. Bank, N.A.*, No. 304-*CV-2146-M, 2004 WL 2937224, at *1– *2 (N.D. Tex. Dec. 17, 2004) (holding that neither section 10 nor 12 of the FAA create a basis for subject matter jurisdiction).

**SIGNED this 25th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE